# Exhibit A

SCANNED
MAR 2 5 2009
U.S. DISTRICT COURT MPLS

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

Court File No. _____

Land O' Lakes, Inc.,

    Plaintiff,

v.

Employers Mutual Liability Insurance Company of Wisconsin and The Travelers Indemnity Company,

    Defendants.

**SUMMONS**

**THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:**

Within twenty (20) days after service of this Summons upon you, you must serve upon the undersigned attorney for the Plaintiff your response to the attached Complaint. You may serve your response by mailing a copy thereof to the undersigned at the address below. If you fail to serve a response as required, the Court may grant all or part of the relief asked for by the Plaintiff in the attached Complaint.

You are hereby advised that Rule 114 of the Minnesota General Rules of Practice provides that most civil cases are subject to alternative dispute resolution processes. Alternative dispute resolution includes mediation, arbitration, and other processes as set forth in Rule 114. You may contact your attorneys or the Court Administrator about these processes.

Dated: February 18, 2009

Steven P. Zabel (#235866)
**LEONARD, STREET AND DEINARD**
   **PROFESSIONAL ASSOCIATION**
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone: (612) 335-1675

**ATTORNEYS FOR PLAINTIFF**

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

Land O' Lakes, Inc.,

    Plaintiff,

v.

Employers Mutual Liability Insurance Company of Wisconsin and The Travelers Indemnity Company,

    Defendants.

Court File No. _____

**COMPLAINT**

TO: Employers Mutual Liability Insurance Company of Wisconsin, 2000 Westwood Drive, Wausau, Wisconsin 54401 and the MINNESOTA COMMISSIONER OF COMMERCE as the Attorney-In-Fact and the Registered Agent for Service, pursuant to Minn. Stat. §§ 45.028 and 60A.19, for Employers Mutual Liability Insurance Company of Wisconsin; and

The Travelers Indemnity Company, One Tower Square, Hartford, Connecticut 06183, and the MINNESOTA COMMISSIONER OF COMMERCE as the Attorney-In-Fact and the Registered Agent for Service, pursuant to Minn. Stat. §§ 45.028 and 60A.19, for The Travelers Indemnity Company.

Plaintiff, alleging upon knowledge as to itself and its own acts, and upon information and belief with respect to all other matters, as and for its Complaint against Defendants, states:

## PARTIES

1. Plaintiff Land O'Lakes, Inc. ("LOL") is a Minnesota corporation with its principal place of business at 4001 Lexington Avenue North, Arden Hills, Minnesota 55126.

2. Defendant Employers Mutual Liability Insurance Company of Wisconsin ("Employers") is, upon information and belief, a Wisconsin corporation with its principal place of business at 2000 Westwood Drive, Wausau, Wisconsin, 54402.

5811331v1

3. Defendant The Travelers Indemnity Company ("Travelers") is, upon information and belief, a Connecticut corporation with its principal place of business in Hartford, Connecticut.

## JURISDICTION AND VENUE

4. Jurisdiction is proper because this case involves insurance policies owned by LOL, a citizen of Minnesota.

5. Venue is proper because LOL's principal place of business is located in Ramsey County, Minnesota.

## BACKGROUND AND NATURE OF THIS ACTION

6. This is an action for breach of contract and declaratory judgment respecting LOL's entitlement to coverage under insurance policies issued by Employers and Travelers.

**A. The Policies**

7. LOL is the owner of certain insurance policies issued by Employers to Midland Cooperatives, Inc. ("the Employers Policies").

8. LOL and Midland Cooperatives, Inc. ("Midland") merged in 1981, with LOL as the surviving entity.

9. The Employers Policies, their policy numbers, policy limits and policy coverage periods are listed in the table attached hereto as Exhibit A.

10. Upon information and belief, Employers may have issued other policies to Midland with earlier coverage periods.

11. LOL is the owner of certain insurance issued by Travelers to LOL (the "Travelers Policies")

12. The Travelers Policies, their policy numbers, policy limits and policy coverage periods are listed in the table attached hereto as Exhibit B.

13. Upon information and belief, Travelers may have issued other policies to LOL with earlier coverage periods.

**B.  The Insured Loss**

14. From 1944 to 1977, Midland owned and operated an oil refinery in Cushing, Oklahoma (the "Cushing Site").

15. The refinery at the Cushing Site operated under various names including: Midland Cooperatives Wholesale, Inc.; Midland Cooperatives Wholesale, d/b/a Cushing Refining and Gasoline Co.; Midland Cooperative Wholesale, Cushing Refining Division; Cushing Refining and Gasoline Co., a Division of Midland Cooperative Wholesale; Midland Cooperative, Inc. of Cushing, OK; and Midland Cooperative, Inc.

16. In 1977, Midland sold the Cushing Site to Hudson Refining Company, Inc. ("Hudson").

17. Upon information and belief, refining operations ceased at the Cushing Site in 1982.

18. On or about January 18, 2001, the federal Environmental Protection Agency (the "EPA") served notice that Midland was a potentially responsible person ("PRP") under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") for alleged contamination at the Cushing Site.

19. For the period 2002 to February 2008, LOL did not hear anything further from EPA.

20. On or about February 19, 2008, LOL received a letter from EPA which informed LOL that EPA had decided to press its superfund claims against LOL for environmental damages at the Cushing Site (the "Cushing Superfund Claim").

21. Subsequent to EPA's February 19, 2008 letter, LOL incurred costs defending against the Cushing Superfund Claim.

22. LOL faces the potential for being held liable for damages due to the Cushing Superfund Claim.

23. LOL has tendered the Cushing Superfund Claim to Employers for defense and indemnity coverage.

24. Employers has refused to provide any coverage to LOL for the Cushing Superfund Claim.

25. LOL has tendered the Cushing Superfund Claim to Travelers for defense and indemnity coverage.

26. Travelers has refused to provide any coverage to LOL for the Cushing Superfund Claim.

## COUNT ONE
## Breach Of Contract
### (Duty to Defend)

27. LOL repeats and realleges paragraphs 1-26 as though fully set forth herein.

### Employers

28. Some or all of the Employers Policies obligate Employers to defend LOL against the Cushing Superfund Claim.

29. All conditions precedent to the trigger of the duty to defend under the Employers Policies have been satisfied, including LOL's notice and demand having been made upon Employers for coverage.

30. No exclusions or limitations apply to take away LOL's right to a defense of the Cushing Superfund Claim under the Employers Policies.

31. LOL is entitled to payment and reimbursement under the Employers Policies for all amounts which LOL has incurred subsequent to February 19, 2008, and for all amounts LOL will incur in future, in the defense of the Cushing Superfund Claim.

32. Employers has refused to honor the duty to defend contained in the Employers Policies after receiving tender of the Cushing Superfund Claim.

33. Employers' refusal to defend the Cushing Superfund Claim breached Employers' duty to defend under the terms of the Employers Policies.

34. Employers is liable to LOL for, and LOL is entitled to recover, damages in the amount of the entire loss LOL has suffered since February 19, 2008, and for all amounts LOL will in the future incur, in defending the Cushing Superfund Claim.

**Travelers**

35. Some or all of the Travelers Policies obligate Travelers to defend LOL against the Cushing Superfund Claim.

36. All conditions precedent to the trigger of the duty to defend under the Travelers Policies were satisfied, including LOL's notice and demand having been made upon Travelers for coverage.

37. No exclusions or limitations apply to take away LOL's right to a defense of the Cushing Superfund Claim under the Travelers Policies.

38. LOL is entitled to payment and reimbursement under the Travelers Policies for all amounts which LOL has incurred subsequent to February 19, 2008, and for all amounts LOL will incur in future, in the defense of the Cushing Superfund Claim.

39. Travelers has refused to honor the duty to defend contained in the Travelers Policies after receiving tender of the Cushing Superfund Claim.

40. Travelers' refusal to defend the Cushing Superfund Claim breached Travelers' duty to defend under the terms of the Travelers Policies.

41. Travelers is liable to LOL for, and LOL is entitled to recover, damages in the amount of the entire loss LOL has suffered since February 19, 2008, and for all amounts LOL will in the future incur, in defending the Cushing Superfund Claim.

## COUNT TWO
### Declaration of Rights

42. LOL repeats and realleges paragraphs 1-41 as though fully set forth herein.

### Employers

43. The Employers Policies obligate Employers to indemnify LOL for any loss incurred in settling or in paying judgments for covered claims, subject to the terms and limits of the Employers Policies.

44. LOL is entitled to indemnification under some or all of the Employers Policies for damages LOL may incur settling, paying judgments or responding to administrative orders due to the Cushing Superfund Claim, subject to the terms and limits of the Employers Policies.

45. All conditions precedent to declaratory relief and to recovery under the Employers Policies have been satisfied, including LOL's notice and demand having been made upon Employers for coverage.

46. Employers disputes the contentions set forth above in paragraph 44.

47. An actual controversy exists between LOL and Employers over Employers' indemnification obligations for the Cushing Superfund Claim.

48. Declaratory relief from this Court will terminate the dispute between LOL and Employers.

49. A judicial declaration is necessary to establish LOL's rights and Employers' duties regarding the Cushing Superfund Claim in the event that LOL becomes liable for the payment of damages due to a settlement or a judgment.

**Travelers**

50. The Travelers Policies obligate Travelers to indemnify LOL for any loss incurred in settling or in paying judgments for covered claims, subject to the terms and limits of the Travelers Policies.

51. LOL is entitled to indemnification under some or all of the Travelers Policies for damages LOL may incur settling, paying judgments or responding to administrative orders due to the Cushing Superfund Claim, subject to the terms and limits of the Travelers Policies.

52. All conditions precedent to declaratory relief and to recovery under the Travelers Policies have been satisfied, including LOL's notice and demand having been made upon Travelers for coverage.

53. Travelers disputes the contentions set forth above in paragraph 51.

54. An actual controversy exists between LOL and Travelers over Travelers' indemnification obligations for the Cushing Superfund Claim.

55. Declaratory relief from this Court will terminate the dispute between LOL and Travelers.

56. A judicial declaration is necessary to establish LOL's rights and Travelers' duties regarding the Cushing Superfund Claim in the event that LOL becomes liable for the payment of damages due to a settlement or judgment.

**WHEREFORE**, LOL demands judgment in its favor against Employers and Travelers:

1. Adjudging that Employers and Travelers are obligated to reimburse LOL for all amounts which LOL has incurred since February 19, 2008, and will incur in the future, in defending the Cushing Superfund Claim;

2. Adjudging that Employers and Travelers are obligated, in accordance with the terms, and subject to the limits, of their policies, to indemnify LOL for amounts LOL may pay to settle, to satisfy a judgment, or to comply with an administrative order due to the Cushing Superfund Claim;

3. Awarding LOL the reasonable attorneys' fees it will incur in prosecuting this action against Employers and Travelers; and

4. Granting LOL such other and further relief as to the Court may deem just and proper.

Dated: February 18, 2009

Steven P. Zabel (Minn. #235866)
**LEONARD, STREET AND DEINARD**
 **PROFESSIONAL ASSOCIATION**
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone:   (612) 335-1500
Facsimile:   (612) 335-1657

**ATTORNEY FOR PLAINTIFF
LAND O' LAKES, INC.**

## ACKNOWLEDGMENT

The undersigned acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to MINN. STAT. § 549.211, to the party against whom the allegations in this pleading are asserted.

Steven P. Zabel

**EMPLOYERS MUTUAL INSURANCE POLICIES**

| POLICY PERIOD | POLICY NUMBER | POLICY LIMIT |
|---|---|---|
| 4/1/1951 – 4/1/1952 | 1622-24085 | $100,000 |
| 4/1/1952 – 4/1/1953 | 1623-21473 | $100,000 |
| 4/1/1953 – 4/1/1954 | 1624-21473 | $500,000 |
| 4/1/1954 – 4/1/1955 | 1625-21473 | $500,000 |
| 4/1/1955 – 4/1/1956 | 1626-21473 | $500,000 |
| 4/1/1956 – 4/1/1957 | 1627-00-021473 | $500,000 |
| 4/1/1957 – 4/1/1958 | 1628-00-021473 | $500,000 |
| 4/1/1958 – 4/1/1959 | 1629-00-021473 | $500,000 |
| 4/1/1959 – 4/1/1960 | 1620-00-021473 | $500,000 |
| 4/1/1960 – 4/1/1961 | 1621-00-021473 | $500,000 |
| 4/1/1961 – 4/1/1962 | 1622-00-021473 | $500,000 |
| 4/1/1962 – 3/31/1963 | 1623-00-021473 | $500,000 |
| 3/31/1963 – 3/31/1964 | 1624-00-021473 | $500,000 |
| 3/31/1964 – 3/31/1965 | 1625-00-021473 | $500,000 |
| 3/31/1965 – 3/31/1966 | 1626-00-021473 | $500,000 |
| 3/31/1966 – 3/31/1967 | 1627-00-021473 | $500,000 |

EXHIBIT A

| POLICY PERIOD | POLICY NUMBER | POLICY LIMIT |
|---|---|---|
| 3/31/1967 – 3/1/1968 | 1628-00-021473 | $100,000 |
| 3/31/1968 – 3/31/1969 | 1629-00-021473 | $100,000 |
| 3/31/1969 – 3/31/1970 | 1620-00-021473 | $100,000 |
| 3/31/1970 – 3/31/1971 | 1621-00-021473 | $100,000 |
| 3/31/1971 – 3/31/1972 | 1622-00-021473 | $100,000 |
| 3/31/1972 – 3/31/1973 | 1623-00-021473 | $100,000 |
| 3/31/1973 – 3/31/1974 | 1624-00-021473 | $100,000 |
| 3/31/1974 – 2/1/1975 | 1625-03-021473 | $100,000 |

TRAVELERS INSURANCE POLICIES

| POLICY PERIOD | POLICY NUMBER | POLICY LIMIT |
|---|---|---|
| 1/1/1965 – 1/1/1966 | RKSLG 2194073 | ? |
| 1/1/1966 – 1/1/1967 | RKSLG 2194073 | ? |
| 1/1/1967 – 1/1/1968 | RKSLG 2194073 | ? |
| 1/1/1968 – 1/1/1969 | TRKSLG 914004 68 | ? |
| 1/1/1969 – 1/1/1970 | TRKSLG 914004 69 | ? |
| 1/1/1970 – 1/1/1971 | TRKSLG 914004 70 | ? |
| 1/1/1971 – 1/1/1972 | TRKSLG 914004 71 | 500K |
| 1/1/1972 – 1/1/1973 | TRKSLG 914004 72 | 500K |
| 1/1/1973 – 1/1/1974 | TRKSLG 914004 73 | 500K |
| 1/1/1974 – 1/1/1975 | TRSLG 111T037 7 74<br>TRL NSL 112T123 8 74 | 500K |
| 1/1/1975 – 1/1/1976 | TRSLG 111T037 7 75<br>TRL NSL 112T123 8 75 | 500K |
| 1/1/1976 – 1/1/1977 | TRSLG 111T037 7 76<br>TRL NSL 112T123 8 76 | 500K |
| 1/1/1977 – 1/1/1978 | TRSLG 111T037 7 77<br>TRL NSL 112T123 8 77 | 500K |

EXHIBIT B

| POLICY PERIOD | POLICY NUMBER | POLICY LIMIT |
|---|---|---|
| 1/1/1978 – 1/1/1979 | TRSLG 111T037 7 78<br>TRL NSL 112T123 8 78 | 500K |
| 1/1/1979 – 1/1/1980 | TRSLG 111T037 7 79<br>TRL NSL 112T123 8 79 | 500K |
| 1/1/1980 – 1/1/1981 | TREE-SLG 111T037-7-80<br>TRL-NSL-112T123-8-80 | 1MM |
| 1/1/1981 – 1/1/1982 | TREE-SLG-111T037-7-81<br>TRL-NSL-112T123-8-81 | 1MM |

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Land O' Lakes, Inc.,

                Plaintiff,

vs.

Employers Mutual Liability
Insurance Company of Wisconsin
and The Travelers Indemnity
Company,

                Defendants.

Court File No._____

**CONSENT TO REMOVAL OF DEFENDANT EMPLOYERS INSURANCE COMPANY OF WAUSAU, f/k/a EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY, incorrectly named as EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN**

---

Defendant Employers Insurance Company of Wausau, f/k/a Employers Insurance of Wausau, A Mutual Company, incorrectly named as Employers Mutual Liability Insurance Company of Wisconsin, was served with a copy of the original Summons and Complaint on February 23, 2009. With full reservation of any defenses, objections and exceptions, this defendant, through its undersigned counsel, hereby consents to the subject removal.

Dated: March 24, 2009

                *Scott Ryskoski*
                Scott J. Ryskoski (No. 0256043)
                Ryskoski Law, P.L.L.C.
                556 Silicon Drive, Suite 100
                Southlake, TX 76092
                Telephone: 817-310-3527
                Facsimile: 817-310-0141

                **ATTORNEYS FOR EMPLOYERS INSURANCE COMPANY OF WAUSAU, f/k/a EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY, incorrectly named as EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN**